UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. ENGLISH, JR., on behalf of himself and all others similarly situated, </br></br>Plaintiff,</br></br>v.</br></br>MANN + HUMMEL USA, INC.,</br></br>Defendant. | Case No. 1:22-cv-00881</br></br>Magistrate Judge Sally J. Berens</br></br>**ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement") and the Declaration of Matthew S. Grimsley, Esq., and due cause appearing therefor, it is hereby ORDERED AND ADJUDGED as follows:

1. On September 22, 2022, Representative Plaintiff, James R. English Jr., a former manufacturing employee of Defendant, brought this action as a "collective action" as a result of Defendant's alleged practices and policies of not paying its hourly, non-exempt manufacturing employees, including Representative Plaintiff and other similarly situated employees, wages for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. (ECF No. 1.)

2. On April 14, 2023, the Parties filed a Joint Stipulation to Conditional Certification and Notice (ECF No. 23), which this Court granted thereby conditionally certifying and authorizing notice to a putative collective consisting of: "All current and former payroll non-

exempt manufacturing employees of Mann + Hummel USA, Inc., who worked at one or more of its plants in the United States at any time between September 22, 2019 and the present[.]" (ECF 26.)

3. Thereafter, notice was sent to the to approximately 2,048 putative collective members. In addition to Representative Plaintiff, there are currently 174 Opt-In Plaintiffs (Representative Plaintiff and Opt-In Plaintiffs collectively referred to as "Plaintiffs").

4. The Parties advise this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement. The Parties engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included the production of time and pay records for Plaintiffs and an in-depth analysis and calculations of Plaintiffs' alleged damages.

5. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

6. The Parties also prepared and exchanged detailed Mediation Memoranda, setting forth their position on the legal issues in this case, the merits of Plaintiffs' claims and Defendant's defenses, and Plaintiffs' alleged damages.

7. On February 1, 2024, the Parties attended mediation with the Court-Appointed Facilitative Mediator, E. Thomas McCarthy, during which they reached an agreement to settle this matter on the terms set forth in the Settlement.

8. The Parties agree that *bona fide* disputes exist between the Parties, including: whether Defendant violated the FLSA; whether the alleged unpaid work performed by Plaintiffs was compensable under the FLSA; the amount of time Plaintiffs spent performing the alleged unpaid work and whether it was *de minimis*; and whether this case can be maintained as a collective

action. Moreover, while Defendant contends that Plaintiffs could not succeed on the merits of their claims, even if they could, the Parties also dispute whether Defendant has a good faith defense that would preclude an award of liquidated damages, and whether Defendant's conduct was willful, and thus, whether the two-year or three-year statute of limitations applies.

9. The Court hereby accepts and approves the proposed Settlement and holds that the proposed Settlement submitted by the Parties is a fair and reasonable settlement of a *bona fide* dispute over the provisions of the FLSA.

10. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

11. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Settlement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

12. The Court approves the Service Award Payment to the Representative Plaintiff in recognition of his services in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

13. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except as otherwise provided by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this  11th  day of      March       , 2024

                                     /s/ Sally J. Berens
                                   MAGISTRATE JUDGE SALLY J. BERENS